# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

UNITED STATES OF AMERICA                          :
                                                  :
   -against-                                 :    Hon. Jed S. Rakoff
                                                  :
MONZER AL KASSAR,                                 :    S3 07 Cr. 354 (JSR)
TAREQ MOUSA AL GHAZI, and                         :
LUIS FELIPE MORENO GODOY                          :
                                                  :
                      Defendants.      :

------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS

**DICKSTEIN SHAPIRO, LLP**
Ira Lee Sorkin, Esq.
Nicole P. DeBello, Esq.
Elliott Z. Stein, Esq.
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212)-277-6500
Fax: (212)-277-6501
*Attorneys for Defendant Monzer Al Kassar*

# TABLE OF AUTHORITIES

Page

## CASES

*United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001)...................................................2

*United States v. Des Marteau*, 162 F.R.D. 364, 369 (M.D. Fla. 1995) ...........................3

*United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993) ......................................3

*United States v. Grossman*, 2005 WL 486735, at *3-4 (S.D.N.Y. 2005) ...................2, 3

*United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) .........................................2

*United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980) ..........................................2


## FEDERAL STATUTES

Federal Rule of Criminal Procedure 15(a).........................................................................2

Federal Rule of Criminal Procedure 15(c).........................................................................5

DOCSNY-317365v01

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
UNITED STATES OF AMERICA                           :
                                                   :
     -against-                                     :   Hon. Jed S. Rakoff
                                                   :
MONZER AL KASSAR,                                  :   S3 07 Cr. 354 (JSR)
TAREQ MOUSA AL GHAZI, and                          :
LUIS FELIPE MORENO GODOY                           :
                                                   :
                          Defendants.              :
------------------------------------------------------------ X
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS**

On behalf of defendants Monzer Al Kassar, Tareq Mousa Al Ghazi, and Luis Felipe

Moreno Godoy (collectively, "Defendants"), by and through the undersigned counsel, Mr. Al

Kassar respectfully requests that the Court grant Defendants' motion ("Motion") to take the

depositions of the witnesses specified herein pursuant to Rule 15(a) of the Federal Rules of

Criminal Procedure.

## <u>Introduction</u>

Defendants seek to take the testimony of three individuals — Jose Villarejo of the Madrid

Police Department; Assuman Munyantore, Mr. Al Kassar's personal assistant; and Juan Manuel

Rodriguez, an attorney for Mr. Al Kassar. All three individuals live and work in Spain,

communicated regularly with Defendants during the relevant timeframe, and are material to the

Defendants' ability to defend against the charges in the Indictment. Defendants believe that the

testimony of these individuals is material to refute the extremely serious charges in the

Indictment. Each of these individuals has represented to defense counsel that he will not appear

in person at the trial of this case.  Moreover, because the case been set in stone <u>and</u> concrete for November 3, 2008, and two of the witnesses are unavailable in August 2008, we respectfully request that the Court order that the depositions take place prior to July 31, 2008.

<u>**Legal Standard**</u>

Rule 15(a) provides, in relevant part, that a "party may move that a prospective witness be deposed in order to preserve testimony for trial.  A court may grant the motion because of exceptional circumstances and in the interest of justice."  Fed. R. Cr. P. 15(a).

To determine whether "exceptional circumstances" exist, a court must consider whether the witness will be unavailable at trial, whether the witness's testimony is material to the moving party's case, and whether the testimony is necessary to prevent a failure of justice.  *See United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001).

As to the first prong, witnesses are "unavailable" when they are beyond the subpoena power of the court and have declared an unwillingness or inability to appear at trial.  *See United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) (four Swiss nationals who refused to come to the United States were unavailable pursuant to Rule 15); *United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980) (four witnesses in Italy who were not subject to subpoena and who either refused to testify or had failed to obtain the necessary travel documents were all unavailable under Rule 15); *United States v. Grossman*, 2005 WL 486735, at *3-4 (S.D.N.Y. 2005) (witness in Canada, not subject to subpoena, was unavailable under Rule 15 because he specifically declined to appear in New York at the trial, despite defendant's offer to pay travel expenses). Courts may accept the assertions of counsel on the facts relating to unavailability as long as those assertions are neither conclusory nor speculative.  *Id.* (citations omitted).

2

As to the second prong — materiality – the testimony sought is material if it is "highly relevant to a central issue in the case . . . ." *See Grossman*, 2005 WL 486735, at *3 (quoting *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)). To show materiality, defendants need not show that the testimony will result in an acquittal. *See Grossman*, 2005 WL 486735, at *3 (citation omitted). Defendants respectfully request that if the Court requires a showing of materiality, that defense counsel do so in camera and ex parte.

As to the third and final factor – preventing a failure of justice – courts will consider whether there are substantial countervailing factors militating against the taking of the deposition. *See id.* These countervailing factors include undue expense to the non-moving party and significant delays in trying the matter, although these factors are not dispositive. *See Drogoul*, 1 F.3d at 1556 (holding that it was error to deny Rule 15 depositions solely on the ground that taking the depositions would delay the trial where the expected testimony went to the heart of the case); *see also United States v. Des Marteau*, 162 F.R.D. 364, 369 (M.D. Fla. 1995) ("expense alone does not amount to an injustice adequate to deny the defendants the opportunity to prepare their defenses.").

## **Argument**

Jose Villarejo

In the present case, the motion to take a Rule 15 deposition of Mr. Villarejo is fully justified by exceptional circumstances. The unavailability requirement is met because Mr. Villarejo, who lives and works in Madrid, Spain, is beyond the subpoena power of this Court. *See* Sorkin Affidavit at ¶4 (attached as Ex. A). In addition, given his work obligations in the Madrid Police Department, Mr. Villarejo has expressed an unwillingness and inability to travel to New York to testify at trial. *See* Ex. A at ¶6.

3

Assuman Munyantore

The motion to take a Rule 15 deposition of Mr. Munyantore is also fully justified by exceptional circumstances. The unavailability requirement is met because Mr. Munyantore, who lives and works in Marbella, Spain, is beyond the subpoena power of this Court. *See* Ex. A at ¶7. In addition, Mr. Munyantore has expressed an unwillingness and inability to travel to New York to testify at trial. *See* Ex. A at ¶9.

Juan Manuel Rodriguez

The motion to take a Rule 15 deposition of Mr. Rodriguez is also fully justified by exceptional circumstances. The unavailability requirement is met because Mr. Rodriguez, who lives and works in Marbella, Spain, is beyond the subpoena power of this Court. *See* Ex. A at ¶10. In addition, Mr. Rodriguez has expressed an unwillingness and inability to travel to New York to testify at trial. *See* Ex. A at ¶12.

Preventing a Failure of Justice

In a case where all of the acts occurred outside the United States, the ability to take the depositions of critical witnesses outside the United States is absolutely critical to assuring that the defendants receive a fair trial. Permitting the depositions of Messrs. Villarejo, Munyantore and Rodriguez to proceed in Spain will not result in undue burden or injustice to the government. The government conducted an extensive sting operation over several years and across many countries in order to indict the Defendants. An additional trip to Spain to depose three witnesses would not be an additional burden on the government. Indeed, it would be an unjust irony if

4

Defendants were deprived the opportunity to depose three materially important witnesses in Spain given the number of government officials and informants who traveled regularly to and from Spain.

Each Defendant will waive, in writing, pursuant to Rule 15(c) of the Federal Rules of Criminal Procedure, his right to be present at the depositions. *See* Ex. A at ¶15.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court to grant their motion to take the depositions of Messrs. Villarejo, Munyantore, and Rodriguez pursuant to Rule 15 of the Federal Rules of Criminal Procedure or to grant any other equitable and appropriate relief.

Respectfully submitted,

DICKSTEIN SHAPIRO, LLP

By: _____

    Ira Lee Sorkin
    Nicole DeBello
    Elliott Z. Stein
    *Attorneys for Monzer Al Kassar*
    1177 Avenue of the Americas
    New York, New York 10036
    Tel. (212) 277-6500
    Fax  (212) 277-6501