UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

    - v. -

MONZER AL KASSAR,
    a/k/a "Abu Munawar,"
    a/k/a "El Taous,"
TAREQ MOUSA AL GHAZI, and
LUIS FELIPE MORENO-GODOY,

               Defendants.

------------------------------------X

S3 07 Cr. 354 (JSR)

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
        of America

BOYD M. JOHNSON III
LESLIE C. BROWN
BRENDAN R. MCGUIRE
Assistant United States Attorneys
    - Of Counsel -

# TABLE OF AUTHORITIES

*Cases and Rules:*

*United States v. Birrell*,
    276 F. Supp. 798, 822 (S.D.N.Y. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Chusid*,
    2000 WL 1449873, *2 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Cohen*,
    260 F.3d 68, 78 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

*United States v. Drogoul*,
    1 F.3d 1546, 1551, 1552, 1556 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 2, 4

*United States v. Esquivel*,
    755 F. Supp. 434, 439 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Grossman*,
    2005 WL 486735, *3-4 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Ismaili*,
    828 F.2d 153, 159 (3d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Johnpoll*,
    739 F.2d 702, 709 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Kelley*,
    36 F.3d 1118, 1125 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Oudovenko*,
    2001 WL 253027, *2-4 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

*United States v. Sandoval*,
    1997 WL 566252, *1-2 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Varbaro*,
    597 F. Supp. 1173, 1181 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Whiting*,
    308 F.2d 537, 541 (2d Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*Federal Rule of Criminal Procedure* 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

MONZER AL KASSAR,
    a/k/a "Abu Munawar,"
    a/k/a "El Taous,"
TAREQ MOUSA AL GHAZI, and
LUIS FELIPE MORENO-GODOY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S3 07 Cr. 354 (JSR)

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS

The Government respectfully submits this memorandum of law in opposition to the defendants' Motion For Rule 15 Depositions (the "Def. Mot."). The defendants' motion, which seeks the depositions of three individuals who reside in Spain, fails to make the showing required to justify the exceptional remedy of a Rule 15 deposition. More specifically, the motion does not sufficiently establish the materiality of the testimony sought from the three witnesses as required by applicable case law. In addition, counsel's conclusory assertions that all three witnesses have expressed an unwillingness and inability to provide trial testimony are insufficient to support a finding of unavailability, especially considering the fact that two of the witnesses appear to be current employees of Monzer al Kassar. Accordingly, the motion should be denied.

### RELEVANT FACTS

In their motion, the defendants seek the depositions of the following three individuals in Spain by the end of this month: (1) Jose Villarejo of the Madrid Police Department; (2)

Assuman Munyantore, al Kassar's personal assistant; and (3) Juan Manuel Rodriguez, an attorney for al Kassar. According to the defense, "[a]ll three individuals live and work in Spain, communicated regularly with Defendants during the relevant time frame, and are material to the Defendants' ability to defend against the charges in the Indictment." Def. Mot. at 1. Al Kassar's counsel also contends that these three individuals have "expressed an unwillingness and inability to travel to New York to testify at trial." Id. at 4. Other than the representation that two of the witnesses are unavailable for the entire month of August, id. at 2, the above constitutes the sum total of information provided by the defense regarding these three individuals and their expected testimony.

## APPLICABLE LAW

By the terms of Rule 15 itself, pre-trial depositions in criminal cases are reserved for "exceptional circumstances." Fed. R. Crim. P. 15(a)(1); see United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001); see also United States v. Drogoul, 1 F. 3d 1546, 1551 (11th Cir. 1993) ("[d]epositions generally are disfavored in criminal cases"). Rule 15 contemplates "that in criminal cases depositions will be used 'only in exceptional situations,' (Advisory Committee's Note to Rule 15(a)); that is, Rule 15(a) does not constitute a mandatory automatic provision requiring the Court to order the deposition of any foreign witness." United States v. Birrell, 276 F. Supp. 798, 822 (S.D.N.Y. 1967). The antipathy toward depositions is due in part to the fact that they deprive the fact-finder of the ability to observe the demeanor of witnesses live and in court. See United States v. Drogoul, 1 F. 3d at 1552; United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987); United States v. Oudovenko, 2001 WL 253027, *4 (E.D.N.Y. 2001, Gleeson, J.) ("By depriving the jury of the opportunity to observe the witnesses as they testify, the jury is

hampered in its ability to make credibility assessments and to weigh the evidence fairly.")

To establish that "exceptional circumstances" exist, the "movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." United States v. Cohen, 260 F.3d at 78; see also United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984).

The unavailability of a prospective witness "is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." United States v. Johnpoll, 739 F.2d at 709. The efforts of the movant to produce the witness at trial are judged by a reasonableness standard. Id.; United States v. Oudovenko, 2001 WL 253027, at *4 (affirmations of counsel stating that witnesses were unwilling to testify at trial did not constitute good faith effort to produce witnesses). Courts should not accept the representations of counsel on the facts relating to unavailability if those representations are either conclusory or speculative. United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962); United States v. Varbaro, 597 F. Supp. 1173, 1181 (S.D.N.Y. 1984) ("Although [Rule 15] does not necessarily require a showing of certainty that a witness will be unavailable, surely it requires a showing of a specific reason why the witness might not be available."). Moreover, courts have refused to find that witnesses who have a prior significant business relationship with the defendant are unavailable simply because counsel avers that they are unwilling to testify at trial. See Oudovenko, 2001 WL 253027, at *4 (where defendant seeking to depose witnesses with whom he has had a "close working relationship," rather than independent third parties, counsel's assertions that witnesses unwilling to testify at trial were insufficient to establish unavailability of witnesses); United States v. Sandoval, 1997 WL

3

566252, *1-2 (N.D. Ill. 1997) (two witnesses who worked for the defendant for several years and one witness who worked with the defendant for several years have such a "substantial connection" to the defendant that they are not unavailable under Rule 15, notwithstanding their expressed unwillingness to testify at trial and their foreign residence).

Rule 15 also requires that the proffered testimony be "material to the case." Johnpoll, 739 F.2d at 709. In this context, "material" has been defined as "highly relevant to a central issue in the case . . . ." United States v. Grossman, 2005 WL 486735, *3-4 (S.D.N.Y. 2005) (quoting Drogoul, 1 F.3d at 1556). This means that where a defendant seeks authorization for a Rule 15 deposition, he must at a minimum make "some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant." United States v. Kelley, 36 F.3d 1118, 1125 (D.C. Cir. 1994); see also, e.g., United States v. Whiting, 308 F.2d at 541 (affirming denial of Rule 15 motion where showing of materiality to defense was "vague and indefinite"). "[A] defendant typically demonstrates the 'exceptional circumstances' necessary for success on a Rule 15(a) motion by some preliminary showing that the testimony will exculpate him." United States v. Esquivel, 755 F. Supp. 434, 439 (D.D.C. 1990). As indicated by the foregoing, the defendant bears the burden of establishing the materiality of the testimony he proffers. See United States v. Kelley, 36 F.3d at 1125; Drogoul, 1 F.3d at 1552.

Finally, in considering whether the testimony is necessary to prevent a failure of justice, courts also consider whether there are substantial countervailing factors militating against the taking of the depositions. See, e.g., Johnpoll, 739 F.2d at 709; Drogoul, 1 F.3d at 1556. These factors include undue expense to the non-moving party and causing a delay in the commencement of trial. Id.

4

## DISCUSSION

## THE DEFENDANTS HAVE FAILED TO MAKE THE SHOWING NECESSARY UNDER RULE 15, AND THEIR MOTION SHOULD BE DENIED

Under applicable case law, the defendants bear the burden of establishing both that the prospective witnesses are unavailable for trial and that the proffered testimony is material to the case. They have failed to meet their burden, and their motion should be denied.

Even though they recognize that they bear the burden of establishing that the expected testimony is material to a central issue in the case, see Def. Mot. at 3, the defendants provide no details whatsoever about the materiality of the testimony they seek to obtain from the three prospective witnesses. Instead, the defendants merely state that the witnesses "communicated regularly with Defendants during the relevant time frame, and are material to the Defendants' ability to defend against the charges in the Indictment." Id. at 1. They then contend, without citing any legal authority, that if the Court requires a showing of materiality, they are entitled to make such a showing in camera and ex parte. Id. The mere fact that the prospective witnesses "communicated" with the defendants, however, falls far short of the materiality showing that is required under Rule 15. See Whiting, 308 F.2d at 541 (affirming denial of Rule 15 motion where showing of materiality to defense was "vague and indefinite"); Kelley, 36 F.3d at 1125 (defendant required to make "some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant"). The defendants' failure to sufficiently demonstrate materiality is fatal to their motion. See Cohen, 260 F.3d at 68 (affirming denial of Rule 15 motion where defendant failed to demonstrate materiality); ; see also United States v. Chusid, 2000 WL 1449873, *2 (S.D.N.Y. 2000, Kaplan, J.) (denying Rule 15 deposition in foreign

country where defense counsel only provided their expectations as to what witnesses would say and did not submit affidavits from the witnesses).

On the issue of unavailability, the defendants fail to demonstrate that any reasonable efforts were made to produce any of the three witnesses for testimony at trial. The defendants merely represent that each of the witnesses "has expressed an unwillingness and inability to travel to New York to testify at trial." Def. Mot. at 3-4. Given the fact that two of the prospective witnesses – Messrs. Munyantore and Rodriguez – appear to be current employees of al Kassar, such a representation is simply insufficient to establish the requisite unavailability to merit the extraordinary remedy of Rule 15 depositions in Spain. See Oudovenko, 2001 WL 253027, *2 (denying Rule 15 deposition on unavailability grounds because "counsel's affirmation fail[ed] to establish that he or [the defendant] made a good faith effort to secure the presence of these witnesses at trial, such as by offering to pay their travel expenses" (citing cases), and because given the defendant's position in the company that employed witnesses "he could prevail upon the witnesses to travel to the United States to testify in his defense").

With respect to Officer Villarejo, the defendants claim that "given his work obligations in the Madrid Police Department," he "has expressed an unwillingness and inability to travel to New York to testify at trial." Def. Mot. at 3. The Government, however, has already made a formal request to Spain for the trial testimony of several Spanish law enforcement officers who participated in al Kassar's arrest and the search of his Marbella residence. Spain has agreed to make these law enforcement witnesses available for the November 3rd trial. Assuming that the defendants meet their burden on materiality discussed above, the Government would be willing to make an additional formal request to Spain for the trial testimony of Officer Villarejo, which

would likely obviate the need for the Rule 15 deposition.

## CONCLUSION

For the foregoing reasons, the defense's request to take the depositions of Jose Villarejo, Assuman Munyantore, and Juan Manuel Rodriguez in Spain should be denied.

Dated: New York, New York
      July 9, 2008

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney

By:    */s/*
            BOYD M. JOHNSON III
            LESLIE C. BROWN
            BRENDAN R. MCGUIRE
            Assistant United States Attorneys
            (212) 637-2276/2638/2220

<u>CERTIFICATE OF SERVICE</u>

BRENDAN R. MCGUIRE deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on July 9, 2008, he served a copy of the foregoing Government's Memorandum of Law In Opposition to Defendants' Motion for Rule 15 Depositions by ECF on:

> Ira Lee Sorkin, Esq.
> Dickstein Shapiro Morin & Oshinsky LLP
> 1177 Avenue of the Americas
> New York, NY 10036-2714
>
> Marc Agnifilo, Esq.
> Brafman & Associates, P.C.
> 767 Third Avenue
> New York, New York 10017
>
> Roger L. Stavis, Esq.
> Gallet Dreyer & Berkey, LLP
> 845 Third Avenue, 8th Floor
> New York, New York 10017

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Section 1746.

_____
BRENDAN R. MCGUIRE

Executed on: July 9, 2008
                New York, New York