UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA            :

       -v-                          :     S3 07 CR 354(JSR)

MONZER AL KASSAR,                   :     OPINION AND ORDER
TAREQ MOUSA AL GHAZI, and           :
LUIS FELIPE MORENO GODOY,           :

       Defendants.                  :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

    Defendant Monzer Al Kassar, joined by co-defendants Tareq Mousa Al Ghazi and Luis Felipe Moreno Godoy, moves pursuant to Fed. R. Crim. P. 15(a) to take the pre-trial depositions of three witnesses in Spain, namely, Jose M. Villarejo, who is a Chief Inspector of the Spanish State Police; Assuman Munyantore, who is defendant Al Kassar's personal assistant; and Juan Manuel Rodriguez, who is defendant Al Kassar's Spanish attorney. The parties filed written submissions with the Court, and defendant Al Kassar filed an ex parte sealed submission relating to materiality.[1] At oral argument, the Court initially denied the motion, without prejudice, because the conclusory representations of defense counsel regarding the witnesses' unavailability to appear at trial were insufficient to support a Rule 15 motion. See transcript, 7/11/08. Defendant Al Kassar has now submitted sworn affidavits from all three witnesses purporting to attest to their unavailability to testify at trial,[2]

---

[1] This submission, while remaining sealed, will now be docketed.

[2] These affidavits will now be docketed.

and accordingly, defendants now renew their motion.

Rule 15(a) of the Federal Rules of Criminal Procedure provides that, in "exceptional circumstances," the Court may order that "a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). To establish that "exceptional circumstances" exist, a defendant bears the burden of demonstrating that (1) the witness is unavailable for trial, (2) the witness's testimony is material, and (3) the witness's testimony is necessary to prevent a failure of justice. United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001).

If the Court were to reach the second and third requirements of this test, it would find that, even after taking account of the sealed submission, the defense has failed to show that Mr. Rodriguez's proffered testimony, which relates entirely to other transactions than those at issue here, is in any way material, and the Court would further find that Mr. Munyantore's proffered testimony, which refers to his observations of a single incident that is offered as corroboration of one secondary aspect of Inspector Villarejo's proffered testimony, is not necessary to prevent a failure of justice. This would leave Inspector Villarejo as the sole witness whose deposition would meet the second and third prongs of the test.

But the Court need not rule finally on the foregoing points because it is obvious from the witnesses' recently-submitted affidavits that none is genuinely unavailable to testify at the

forthcoming trial (which is firmly scheduled to begin on November 3, 2008).

    The sole reason given by Inspector Villarejo for his alleged unavailability is that "[e]vents often arise in the course of my official duties that require me to leave Spain on short notice." See Affidavit of Jose M. Villarejo. If anything, this statement evidences Inspector Villarejo's ability to travel to the United States even on short notice. Furthermore, Inspector Villarejo's vague speculation that some theoretical future work commitments might make him unavailable is entirely insufficient to support a finding of unavailability. See United States v. Varbaro, 597 F. Supp. 1173, 1181 (S.D.N.Y. 1984). Even if Inspector Villarejo were unavailable on any given date, moreover, it is exceedingly unlikely, on its face, that he would be unavailable throughout the approximately three weeks estimated for this trial, and the Government has already represented that it would join in making a formal request to Spain for Inspector Villarejo's appearance, should the defense so request. See Government's Memorandum of Law in Opposition to Defendants' Motion for Rule 15 Depositions, at 6-7.

    Mr. Rodriguez states in his affidavit that he has "a busy legal practice that prevents me from taking time off to travel to New York." See Affidavit of Juan Manuel Rodriguez. Given that Mr. Rodriguez is the personal lawyer of defendant Al Kassar, an alleged billionaire, and has represented Mr. Al Kassar in numerous business transactions, the notion that he is "too busy" (in some unspecified

3

way) to make a short trip to New York to testify on Mr. Al Kassar's behalf is preposterous on its face.

As for Mr. Munyantore, he states that he "cannot afford to take time off to travel to the United States" because of his two jobs. See Affidavit of Assuman Munyantore. But his primary job is acting as a personal assistant for Mr. Al Kassar, for whom Mr. Munyantore has worked for over 18 years. The notion that, in these circumstances, Mr. Al Kassar could not secure Mr. Munyantore's brief appearance to testify in New York is, again, absurd on its face. See United States v. Oudovenko, No. 00-1014, 2001 WL 253027, at *2 (E.D.N.Y. Mar. 7, 2001). Indeed, the representations of all three witnesses as to why they are unavailable to testify are so palpably flimsy as to call into question their good faith.

Accordingly, since the defense has failed to establish the genuine unavailability of any of these witnesses, defendants' Motion for Rule 15 Depositions is now denied with prejudice.[3]

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 18, 2008

---

[3] Obviously, the Court's denial of defendants' motion in no way precludes defendants from offering the live testimony of any of these three witnesses at trial, or precludes the Government, in such circumstances, from raising other objections to their testimony, such as hearsay, lack of materiality, etc.

4