UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

UNITED STATES OF AMERICA                            :
                                                    :
   -against-                                      :    Hon. Jed S. Rakoff
                                                    :
MONZER AL KASSAR,                                   :    S3 07 Cr. 354 (JSR)
TAREQ MOUSA AL GHAZI, and                           :
LUIS FELIPE MORENO GODOY                            :
                                                    :
                         Defendants.          :

------------------------------------------------------------------ X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS


**DICKSTEIN SHAPIRO, LLP**
Ira Lee Sorkin, Esq.
Nicole P. DeBello, Esq.
Elliott Z. Stein, Esq.
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212)-277-6500
Fax: (212)-277-6501
*Attorneys for Defendant Monzer Al Kassar*

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities ........................................................................................................... ii

Introduction ....................................................................................................................... 1

Legal Standard ................................................................................................................... 2

I.    The Order Violated Defendants' Constitutional Rights to
      Compulsory Process and Due Process ...................................................................... 3

      A.    Sixth Amendment Right to Compulsory Process ........................................... 3

      B.    Fifth Amendment Right to Due Process ......................................................... 5

II.   The Court Applied The Wrong Standard ................................................................. 6

Conclusion ....................................................................................................................... 10

DOCSNY-324436v01

# TABLE OF AUTHORITIES

Page

**Cases**

*Chambers v. Mississippi,* 410 U.S. 284, 294 (1973)..................................................................5

*Taylor v. Illinois*, 484 U.S. 400, 408 (1988) ..........................................................................4

*United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) ...............................................6

*United States v. Greco*, 298 F.2d 247, 251 (2d Cir. 1962) ......................................................4

*United States v. Greenfield*, 2001 WL 1230538 (S.D.N.Y. 2001) ...........................................2

*United States v. Grossman*, 2005 WL 486735, *3-4 (S.D.N.Y. 2005) ..............................6, 7, 9

*United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) ..................................................6

*United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994)..................................................9

*United States v. Oudovenko*, 2001 WL 253027, *2 (E.D.N.Y. 2001) ......................................8

*United States v. Sandoval*, 1997 WL 566252, *1-2 (N.D. Ill. 1997)........................................9

*United States v. Sindona*, 636 F.2d 792, 803-04 (2d Cir. 1980)..........................................6, 7

*United States v. Varbaro*, 597 F. Supp. 1173, 1181 (S.D.N.Y. 1984).....................................8

**Constitutional Provisions, Statutes, Rules & Other Authorities**

Federal Rule of Criminal Procedure 15 ................................................................................1, 6

S.D.N.Y. Local Civil Rule 6.3 .................................................................................................2

United States Constitution, Amendment V................................................................................5

United States Constitution, Amendment VI ..............................................................................3

DOCSNY-324436v01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

UNITED STATES OF AMERICA             :

                                         :

   -against-                        :   Hon. Jed S. Rakoff

                                         :

MONZER AL KASSAR,             :   S3 07 Cr. 354 (JSR)
TAREQ MOUSA AL GHAZI, and
LUIS FELIPE MORENO GODOY     :

                                         :

           Defendants.          :

--------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
COURT'S OPINION AND ORDER DENYING DEFENDANTS'
<u>MOTION FOR RULE 15 DEPOSITIONS</u>**

On behalf of defendants Monzer Al Kassar, Tareq Mousa Al Ghazi, and Luis Felipe

Moreno Godoy (collectively, "Defendants"), by and through the undersigned counsel,

Defendants respectfully submit this motion for reconsideration of the Court's August 18, 2008

Opinion and Order (the "Order") denying Defendants' motion to take the depositions, pursuant

to Fed. R. Crim. P. 15(a), of Jose M. Villarejo, Assuman Munyantore, and Juan Manuel

Rodriguez.

<u>Introduction</u>

On July 7, 2008 Defendants moved pursuant to Fed. R. Crim. P. 15(a) to take the

depositions of Messrs. Villarejo, Munyantore, and Rodriguez, three individuals who live and

work in Spain and who communicated regularly with Defendants during the alleged

conspiracies. The government filed its opposition to Defendants' motion on July 9, 2008

("Opposition Br."). Defendants submitted a sealed, <u>ex parte</u> submission on July 11, 2008, and

the Court heard oral arguments from the parties on the same day, at which time the Court denied

Defendants' motion "without prejudice" and with leave to submit affidavits of the proposed

deponents. *See* July 11, 2008 Transcript, at 4, 6. On August 12, 2008, Mr. Al Kassar submitted

to the Court notarized affidavits of Messrs. Villarejo, Munyantore, and Rodriguez. In its August

18, 2008 Order, the Court denied Defendants' motion.

Defendants respectfully request reconsideration of the Court's Order with respect to

Inspector Villarejo. Inspector Villarejo is critical to the defense of this case. Indeed, the Court

acknowledged as much when it found that Inspector Villarejo's proffered "testimony is material"

and "necessary to prevent a failure of justice." Order at 2. While defense counsel shares this

Court's preference for Inspector Villarejo to testify at trial, he is clearly beyond the subpoena

power of the Court, and thus, we are powerless to compel his testimony. Inspector Villarejo has

submitted a sworn affidavit testifying that, because of the nature of his work, he is unable to

travel to the United States for trial. His affidavit does, however, make clear that he is willing to

appear for a deposition in Spain under these circumstances. Denying Defendants the opportunity

to take Inspector Villarejo's deposition means that the testimony of this crucial witness will

never be heard by the jury, and the Defendants will be unable to present their defense.


**Legal Standard**

A motion for reconsideration should be granted where the moving party demonstrates

that the court has overlooked factual matters or controlling precedent that were presented to it on

the underlying motion and that would have changed the court's decision. *See* S.D.N.Y. Local

Civil Rule 6.3; *United States v. Greenfield*, 2001 WL 1230538 (S.D.N.Y. 2001).

Defense counsel are mindful of this local rule, but with all due respect to the Court,

defense counsel did not previously raise the arguments set forth herein for two reasons. First,

DOCSNY-324186v05

defense counsel believed the Constitutional arguments were self-evident, and indeed, this Court has acknowledged that the testimony is both material and necessary to prevent a failure of justice. Second, at the July 11, 2008 hearing, the Court denied the motion with leave to obtain sworn affidavits from the proposed deponents to "affirm[] that the person is unwilling, [and] give[] the reason why, a reason that bears some legitimacy." *See* July 11, 2008 Transcript, at 6. The Court did not request further briefing and the defense labored under the mistaken impression that the only missing piece from our application was the affidavits. Moreover, Defendants were never provided the opportunity to reply to the government's opposition, which we do below, or to address the Court's concern regarding unavailability and legitimacy, which appear to form the foundation of the Court's Order.

As set forth below, the law of the Second Circuit is clear that under the circumstances presented: all acts occurring in a foreign country; a finding of materiality and necessity to prevent a failure of justice; and an affidavit that the witness resides outside the United States and is unable to appear personally but is willing to appear for a deposition in his native country, the motion must be granted. The Second Circuit does not allow for a subjective analysis of the stated reasons the witness cannot testify because he is beyond the subpoena power of the court.

## Argument

**I.      The Order Violated Defendants' Constitutional Rights to Compulsory Process and Due Process**

### A.      Sixth Amendment Right to Compulsory Process

The deposition of Inspector Villarejo has clear Constitutional implications. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. The

3

United States Supreme Court has recognized that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense," noting that "[i]ndeed, this right is an essential attribute of the adversary system itself." *Taylor v. Illinois*, 484 U.S. 400, 408 (1988). In addition, where defendants identify witnesses abroad that defendants would like to depose, the Sixth Amendment can give the right to compulsory process of witnesses outside the United States. *See United States v. Greco*, 298 F.2d 247, 251 (2d Cir. 1962) (finding no violation of constitutional right where defendant could not compel the attendance of an unnamed witness whom defendant never asked to depose).

Here, Defendants' Sixth Amendment rights to compulsory process have been jeopardized by the Court's denial of Defendants' motion to depose Inspector Villarejo, a witness whose testimony the Court acknowledges is material and necessary to prevent a failure of justice. Order at 2. If they could, defense counsel would compel Inspector Villarejo to testify at trial. But he is beyond the subpoena power of the Court and has informed defense counsel and the Court in a sworn affidavit that, given his work obligations, he is unwilling and unable to travel to New York to testify at trial. *See* Affidavit of Ira Lee Sorkin in Support of Defendants' Rule 15 Motion, ¶ 6 [Dkt. 45]; *see also* Affidavit of Jose M. Villarejo [Dkt. 71]. However, Inspector Villarejo has said that he would be willing to appear for a deposition in Spain. *See* Affidavit of Jose M. Villarejo [Dkt. 71]. Taking that deposition is the only method of preserving Defendants' Sixth Amendment rights to present a defense and to have compulsory process to obtain the testimony of Inspector Villarejo.

In its decision, the Court referred to the government's representation that "it would join in making a formal request to Spain for Inspector Villarejo's appearance." Order at 3. But the government's offer to seek Spain's assistance cannot substitute for compulsory process which

4

guarantees the presence of the witness at trial. Even if the government did request Spain's assistance, there is no assurance that Spain would agree to provide such assistance. Further, even if Spain did agree to provide such assistance, there is no assurance that Spain itself could compel Inspector Villarejo to appear at a trial in the United States. It is also possible for Spain and/or the Inspector himself to change their minds at the eleventh hour, leaving the defense without the ability to present its case. The parties face this distinct possibility that, in the middle of the trial, Inspector Villarejo, whose testimony will form the heart of the defense, will suddenly be unavailable for trial. At that point, it will be too late for Defendants to depose him. Defense counsel, unable to mount a defense, will be constrained to seek a mistrial and a new trial before which the Inspector's deposition can be secured. The safer course is to allow the deposition of Inspector Villarejo to proceed, and if the government and the Court are correct that Villarejo can appear at trial, then the defense will readily agree not to use the deposition in lieu of live testimony.

### B.    Fifth Amendment Right to Due Process

The denial of the Rule 15 motion also implicates Defendants' Fifth Amendment rights to due process. The right to present the testimony of witnesses has long been recognized as essential to due process. *See Chambers v. Mississippi,* 410 U.S. 284, 294 (1973). As the Supreme Court made clear in *Chambers*, procedural rules cannot impede Defendants from presenting evidence of their innocence. *Id.* at 298.

The heart of this case is whether defendants conspired to sell weapons to a foreign terrorist organization knowing that the terrorist organization would use the weapons to kill Americans. Defendants' intent is a critical issue in this case. From Defendants' sealed, ex parte

submission of July 11, 2008, the Court is aware of the evidence that Defendants intend to submit to rebut the allegations that Defendants conspired with the intent to kill Americans. By denying the Defendants' request for a Rule 15 deposition of Inspector Villarejo, the Court is precluding Defendants from presenting testimony that the Court itself has already found to be material and necessary to prevent a failure of justice. This incorrect result is compounded by the fact that virtually all the alleged events in the Indictment took place in Spain, the country in which Inspector Villarejo lives and works. Defendants were removed from their home countries and are facing trial 3,000 miles away from home. Applying Rule 15 in an overly mechanistic fashion overlooks the practical realities of this case and, worse, impedes Defendants from presenting evidence of their innocence. The "failure of justice" which this Court acknowledges as a "possibility" will become a reality.

## II.    The Court Applied The Wrong Standard

With all due respect, the Court's decision contravened the settled law of this Circuit regarding the burden on a party to prove unavailability for purposes of a Rule 15 motion. It is well-settled that a witness is unavailable if the witness (a) is beyond the subpoena power of the court and (b) has declared an unwillingness or inability to appear at trial. *See United States v. Johnpoll*, 739. F.2d 702, 709 (2d Cir. 1984); *United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980); *United States v. Grossman*, 2005 WL 486735, at *3-4 (S.D.N.Y. 2005). A conclusive showing of a witness's unavailability for trial is not required prior to taking a Rule 15 deposition. *See United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). When a witness declares his refusal to appear at trial, the Court need not go further and need not analyze the legitimacy of the witness's reasons for refusing to appear. *See Sindona*, 636 F.2d at 804; *see*

DOCSNY-324186v05

*also Grossman*, 2005 WL 486735, at *4 ("Once defense counsel reached [the witness], he specifically declined to appear in New York at the trial, despite defendant's offer to pay his travel expenses. Accordingly, [the witness] is unavailable within the meaning of Rule 15(a).").

In *Sindona*, the government sought to depose four witnesses, none of whom was subject to the subpoena power of the court. *Sindona*, 636 F.2d at 803. Two of the witnesses had specifically refused to come to the United States and two had not obtained the necessary travel documents. *Id.* The government had offered to pay all expenses of the witnesses. *Id.* The district court granted Rule 15 motions for the four witnesses and the Second Circuit affirmed, finding that there was ample reason to fear that the witnesses would fail to appear at trial based on the witnesses' refusal to come to the United States. *Id.* at 803-4 (". . . when the prosecutors were informed by a consular employee that these witnesses were refusing to come to the United States, the Government had done all that it could. The witnesses were 'unavailable' . . .").

Here, as in *Sindona*, there is ample cause to fear that Inspector Villarejo will not appear at trial. Inspector Villarejo lives and works in Spain, meaning he is not only beyond the subpoena power of the Court, but that, even if he did agree to appear voluntarily at trial, logistics alone could prevent him from appearing at trial when required to do so. In any event, Inspector Villarejo swore that he is unable to appear at trial because of his work obligations.[1] Under the law of the Second Circuit, once Inspector Villarejo declared his refusal to appear at trial, the Court should have found that he was unavailable for purposes of Rule 15. Further, we respectfully submit that the Court misinterpreted Inspector Villarejo's statement that his official duties require him to leave Spain on short notice. That statement does not, as the Court

---

[1] Defense counsel is in no position to evaluate the reason for Inspector Villarejo's refusal to appear at trial, nor can defense counsel exercise any control over Villarejo's official duties. Had Inspector Villarejo refused to appear for financial reasons, defense counsel could have at least offered to pay Villarejo's travel and expenses. *See, e.g., Sindona*, 636 F.2d at 804.

7

concluded, evidence Inspector Villarejo's ability to travel to the United States on short notice. Testifying at this trial is not part of Inspector Villarejo's official duties; to the contrary, his appearance at trial might interfere with his official duties.

The Court cited two cases - *United States v. Varbaro*, 597 F. Supp. 1173 (S.D.N.Y. 1984), and *United States v. Oudovenko*, 2001 WL 253027 (E.D.N.Y. 2001) - for the proposition that witnesses must give a specific reason for being unwilling or unable to appear at trial. But those two cases, which the government also cited in its opposition for the same proposition, are inapposite because, in those cases, the witnesses had not provided affidavits attesting to their unavailability. The Court cited *Varbaro* to support the Court's conclusion that Inspector Villarejo's reasons for being unable to appear at trial are merely "vague speculation." Order at 3. But in *Varbaro*, the witness that the defendant wanted to depose worked for the government and did not affirm his unavailability. *Varbaro*, 597 F. Supp. at 1181. The court there was quite correct that without the affidavit we have here, the witness's inability to appear was speculative. The defendant in *Varbaro* requested the witness's deposition because of the mere possibility that the witness might not testify. *Id.* Here, we have much more than the mere "possibility;" we have the "probability" that Inspector Villarejo will not testify. We have the signed affidavit of this individual, the Chief Inspector of the Spanish State Police, directed to be produced by the Court, that he will not appear at trial.

Similarly, in *Oudovenko*, defense counsel, not the witnesses themselves, affirmed the unwillingness of the witnesses to appear at trial, creating the real danger that the affirmations were based on unfounded speculation. *Oudovenko*, 2001 WL 253027, at *2. As a result, in *Oudovenko*, unlike here, the Court was justified in digging deeper into the witnesses' reasons for being unwilling to appear at trial.

DOCSNY-324186v05

Other cases cited by the government in its opposition are equally inapposite. The government cited *United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994) for the proposition that a Rule 15 witness's evidence must exculpate the defendant. *See* Opposition Br. at 4. But the law in this district is that it is not necessary for a defendant to show that the witness's testimony will acquit the defendant. *See Grossman*, 2005 WL 486735, at *3 (citations omitted). In any event, as articulated in Defendants' July 11, 2008 submission, Defendants anticipate, and the Court appears to agree from its finding of materiality and necessity to prevent a failure of justice, that the proffered testimony of Inspector Villarejo will exculpate the Defendants.

In addition, our case is not analogous to *United States v. Sandoval*, 1997 WL 566252, *1-2 (N.D. Ill. 1997), a case cited by the government for the proposition that witnesses are not unavailable if they have a "substantial connection" to the defendant. *See* Opposition Br. at 3-4. Unlike the witnesses in *Sandoval* who were employees of the defendant, Inspector Villarejo is not an employee of Mr. Al Kassar. He is, rather, the Chief Inspector of the Spanish State Police. *Sandoval* is further inapposite because, in that case, the court found that authenticated documents could substitute for the witnesses' testimony. *See Sandoval*, 1997 WL 566252, at *2. Here, authenticated documents will not substitute for the witness's proffered testimony.

The defense believes that the decision on this application is critical to the outcome of this case because our defense hinges on the testimony of this single witness, Inspector Villarejo. For this reason, we ask not only that the Court seriously consider the legal precedents cited herein, but afford the defense an opportunity to orally argue the motion now that it has been fully briefed and replied to.

DOCSNY-324186v05

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court reconsider and vacate its August 18, 2008 Opinion and Order, and permit Defendants to take a videotaped deposition in Spain of Inspector Villarejo pursuant to Rule 15 of the Federal Rules of Criminal Procedure.  Alternatively, Defendants request a hearing on this issue.

Respectfully submitted,

DICKSTEIN SHAPIRO, LLP

By: _____

Ira Lee Sorkin
Nicole DeBello
Elliott Z. Stein
*Attorneys for Monzer Al Kassar*
1177 Avenue of the Americas
New York, New York 10036
Tel. (212) 277-6500
Fax  (212) 277-6501

10