UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                    :

UNITED STATES OF AMERICA         :
                                     :

      - v. -                          :         S3 07 Cr. 354 (JSR)
                                     :

MONZER AL KASSAR,             :
      a/k/a "Abu Munawar,"     :
      a/k/a "El Taous,"         :
TAREQ MOUSA AL GHAZI, and    :
LUIS FELIPE MORENO-GODOY,   :
                                     :

             Defendants.       :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS

                                 MICHAEL J. GARCIA
                                 United States Attorney for the
                                 Southern District of New York
                                 Attorney for the United States
                                     of America

BOYD M. JOHNSON III
BRENDAN R. MCGUIRE
Assistant United States Attorneys
      - Of Counsel -

## TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.     The Defendants Have Failed To Identify Any Controlling
Decisions Or Matters That The Court Overlooked,
And Their Motion Should Be Denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.     The Court Applied The Proper Legal Standard. . . . . . . . . . . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

*Cases and Rules:*

*Chambers v. Mississippi,*
    410 U.S. 284, 294, 298 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Cohen,*
    260 F.3d 68, 78 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 10

*United States v. Greco,*
    298 F.2d 247, 251 (2d Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Eisenmann v. Greene,*
    204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Johnpoll,*
    739 F.2d 702, 709 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Pena Ontiveros,*
    2008 U.S. Dist. LEXIS 47135, at *12-13 (S.D.N.Y. June 16, 2008) . . . . . . . . . . . . . . . 5

*Shrader v. CSX Transp. Inc.,*
    70 F.3d 255, 257 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Sompo Japan Ins. Co. Of Am. v. Norfolk S. Ry. Co.,*
    2008 U.S. Dist. LEXIS 40514, *4 (S.D.N.Y. May 15, 2008) . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Sindona,*
    636 F.2d 792, 803 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Taylor v. Illinois,*
    484 U.S. 400, 408 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Varbaro,*
    597 F. Supp. 1173, 1181 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*United States v.Whiting,*
    308 F.2d 537, 541 (2d Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Local Civil Rule 6.3 of the Local Rules for the United States*
*District Courts for the Southern and Eastern Districts of New York* . . . . . . . . . . . . . . . . . . . 5, 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                             :

UNITED STATES OF AMERICA       :
                             :

     - v. -                     :          **S3 07 Cr. 354 (JSR)**
                             :

MONZER AL KASSAR,        :
     a/k/a "Abu Munawar,"    :
     a/k/a "El Taous,"       :
TAREQ MOUSA AL GHAZI, and   :
LUIS FELIPE MORENO-GODOY,  :
                             :

           **Defendants.**     :
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RULE 15 DEPOSITIONS

      The Government respectfully submits this memorandum of law in opposition to the defendants' Motion For Reconsideration Of The Court's Opinion And Order Denying Defendants' Motion For Rule 15 Depositions (the "Def. Mot."). The defendants' motion, which seeks reconsideration of the Court's August 18, 2008, Opinion and Order (the "Order") denying with prejudice the defendants' motion for Rule 15 depositions, fails to identify any controlling law or relevant facts overlooked by the Court as required to justify the extraordinary remedy of reconsideration. Instead, the defendants seek to reargue the issue already decided by the Court by presenting additional legal arguments that lie well beyond the parameters of their original motion. Moreover, even if the new arguments had been properly presented to the Court in the defendants' original motion, they would not have altered the conclusion reached by the Court because the Order does not violate the defendants' Sixth Amendment right to compulsory

process or their Fifth Amendment right to due process.

In addition, even though the Court relied upon the most recent Second Circuit decision to address the Rule 15 standard, which was also the first case cited by the defendants in their original motion papers, the defendants now claim that the Court applied the wrong legal standard. The defendants, however, do not cite to a single case, controlling or otherwise, that was overlooked by the Court, but instead rely entirely upon the same cases cited in their original motion. Because the Court's application of the Rule 15 standard was entirely proper and the Court did not overlook any controlling authority, this claim should also be rejected. Accordingly, the motion should be denied.

## RELEVANT FACTS

On July 7, 2008, the defendants filed a motion seeking to take the pre-trial depositions of three individuals in Spain, namely Jose M. Villarejo, Assuman Munyantore, and Juan Manuel Rodriguez.[1] On July 9, 2008, the Government filed a response objecting to the motion on the grounds that the defendants had failed to establish that the witnesses's testimony was material to the case, and that the witnesses were unavailable to testify at trial. The Court conducted oral argument on the motion on July 11, 2008. After hearing argument, the Court denied the defendants' motion without prejudice on the grounds that the defendants' submission, which did not include affidavits from any of the witnesses, had failed to show that any of the witnesses were unavailable to appear at trial. The Court permitted the defendants to submit affidavits from the three witnesses establishing their unavailability, but advised that any such affidavit should

---

[1]    The Court also permitted the defendants to file an ex parte sealed submission relating to the apparent materiality of the testimony of the three witnesses.

not merely affirm that the witness was unwilling to testify but also provide "a reason that bears

some legitimacy" because "it is important to know what the reasons are." July 11, 2008

Transcript ("Tr.") at 6. Moreover, with respect to Inspector Villarejo, the Court instructed that

"if he feels that there are official reasons why he cannot or would not be permitted to testify, he

better put them into his affidavit." Id. at 24. At the argument, the defendants indicated that they

would immediately attempt to obtain affidavits from each of the witnesses to attest to their

unavailability to testify at trial. One month later, on August 12, 2008, the defendants submitted

affidavits from each of the witnesses, and renewed their motion.

On August 18, 2008, the Court issued the Order, which denied the defense motion with

prejudice. In the Order, the Court noted that Rule 15, by its express terms, applies only in

"exceptional circumstances." Order at 2. Citing United States v. Cohen, 260 F.3d 68, 78 (2d

Cir. 2001), the Court stated that the defendant bore the burden of establishing "exceptional

circumstances" by demonstrating that (1) the witness is unavailable for trial; (2) the witness's

testimony is material; and (3) the witness's testimony is necessary to prevent a failure of justice.

Id.

Before turning to the issue of the unavailability of the witnesses, the Court found that the

defendants had failed to show that Mr. Rodriguez's proffered testimony was in any way material,

and that Mr. Munyatore's proffered testimony was necessary to prevent a failure of justice. Id.

The Court did not rule finally on these issues, however, because the Court proceeded to find that,

as to all three witnesses, the defendants failed to satisfy their burden with respect to the

unavailability requirement. Id.

With respect to the witnesses' claimed unavailability, the Court concluded that "it is

3

obvious from the witnesses' recently-submitted affidavits that none is genuinely unavailable to testify at the forthcoming trial . . . ." Id. at 2-3. According to the Court, Inspector Villarejo's "vague speculation" about "theoretical future work commitments" was wholly insufficient to support a finding of unavailability. Id. at 3. Moreover, the Court did not accept that Inspector Villarejo would be unavailable to testify for the entire duration of the three-week period estimated for trial. Id. Noting that Mr. Rodriguez was al Kassar's personal attorney, the Court described the statement in Mr. Rodriguez's affidavit that he was "too busy" to testify at trial as "preposterous on its face." Id. at 3-4. Similarly, the Court found that the work-related claim of Mr. Munyantore, who serves as a personal assistant to al Kassar, is "absurd on its face." Id. at 4. The Court concluded its analysis by observing: "Indeed, the representations of all three witnesses as to why they are unavailable to testify are so palpably flimsy as to call into question their good faith." Id.

On August 18, 2008, after the Court issued the Order, the Court conducted a conference call with the parties, at the defendants' request, to address the defendants' application to file the instant motion for reconsideration. After advising the parties of the standard for reconsideration set forth in the Local Rules of this district, the Court inquired into the basis for the defendants' reconsideration motion. Counsel for al Kassar indicated that the Court's denial of the Rule 15 motion violated the defendants' Sixth Amendment right to compulsory process, and that the defendants would not be able to mount a defense without the testimony of Inspector Villarejo. In response, the Court stated that the defendants should have included this argument in their original motion. At the conclusion of the conference call, the Court noted its skepticism towards the prospective motion and reminded the defendants that their reconsideration motion should not

4

contain any new arguments not raised in the original motion.

## APPLICABLE LAW

Because the proper standard for a motion for reconsideration in the criminal context is not provided by the Federal Rules of Criminal Procedure or the Local Criminal Rules of this district, courts in this circuit have adopted the standards of Local Civil Rule 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. See United States v. Pena Ontiveros, No. 07 Cr. 804 (RJS), 2008 U.S. Dist. LEXIS 47135, at *12 (S.D.N.Y. June 16, 2008) (collecting cases). Local Civil Rule 6.3 requires that motions for reconsideration must be served within 10 days of the court's ruling on the original motion, and must include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3; see also Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam). While reconsideration rests within the sound discretion of the district court judge, see United States v. Pena Ontiveros, 2008 U.S. Dist. LEXIS 47135, at *13, it constitutes "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., No. 07 Civ 2735 (DC), 2008 U.S. Dist. LEXIS 40514, at *4 (S.D.N.Y. May 15, 2008) (citations and internal quotation marks omitted). The standard to be applied to a motion for reconsideration is "strict," and such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Therefore, "a motion to reconsider should not be granted where the moving party seeks solely to litigate an issue already decided." Id.

## DISCUSSION

I. **THE DEFENDANTS HAVE FAILED TO IDENTIFY ANY CONTROLLING
DECISIONS OR MATTERS THAT THE COURT OVERLOOKED, AND THEIR
MOTION SHOULD BE DENIED**

Under Local Rule 6.3 and the applicable case law, the defendants bear the burden of
identifying controlling decisions or matters that the Court overlooked that would alter the
conclusion reached by the Court. They have failed to meet their burden, and their motion for
reconsideration should be denied.

Even though they recognize that a motion for reconsideration requires them to
demonstrate that the Court overlooked factual matters or controlling precedent that were
presented to the Court in the original motion and would have changed the Court's decision, see
Def. Mot. at 2, the defendants do not do so. Instead, and notwithstanding the Court's clear
instructions during the conference call, the defendants make new legal arguments that were never
raised in their original motion papers or during oral argument. Specifically, they now contend,
for the first time and without citing any relevant legal authority, that the Rule 15 deposition of
Inspector Villarejo is necessary to avoid a violation of the defendants' constitutional rights to
compulsory process and due process. Id. at 3-6. Indeed, the defendants' acknowledge that they
did not raise these arguments in their original motion, id. at 2; however, they claim that their
omission was justifiable, and that the Court should therefore consider their new arguments,
because (1) the arguments were "self-evident," and (2) the Court did not provide them with an
opportunity to respond to the Government's opposition to the original motion or an opportunity
to address the Court's concern regarding the unavailability of the witnesses. Id. at 3.

The defendants' explanations for not raising these constitutional arguments in their

6

original motion are irrelevant. The issue, as they concede, is whether they have demonstrated that the Court overlooked factual matters or controlling precedent that would have changed the Court's decision. Because they do not identify a single fact or case that was presented to and overlooked by the Court, the defendants cannot make the required showing. Despite the clear language of Local Rule 6.3 and the relevant case law, as well as the guidance of the Court during the August 18, 2008, conference call, the instant motion is an obvious attempt to litigate again with new arguments the issue already decided by the Court. This practice is improper, and the defendants' failure to point to any fact or relevant legal authority overlooked by the Court (or even any new facts or additional relevant legal authority) is fatal to their motion. See Shrader v. CSX Transp. Inc., 70 F.3d at 257; Local Rule 6.3.

Moreover, while not relevant to an analysis of the instant motion, the defendants' explanations for not raising their new arguments in their original motion are meritless. First, the argument that the Rule 15 deposition of Inspector Villarejo is necessary to avoid a violation of the defendants' constitutional rights to compulsory process and due process is hardly "self-evident." See Def. Mot. at 3. In fact, the defendants do not cite to a single opinion that even references, much less supports, their assertion that a Rule 15 deposition may be required to prevent a violation of the Fifth or Sixth Amendments. The only case the defendants cite to support their novel constitutional arguments, other than Taylor v. Illinois, 484 U.S. 400, 408 (1988), which merely affirms the importance of the right to compulsory process, and Chambers v. Mississippi, 410 U.S. 284, 294, 298 (1973), which simply affirms the importance of the right to due process, is United States v. Greco, 298 F.2d 247, 251 (2d Cir. 1962). Greco does not advance the defendants' claims.

7

The defendants cite <u>Greco</u> for the proposition that "where defendants identify witnesses abroad that defendants would like to depose, the Sixth Amendment can give rise to the right to compulsory process of witnesses outside the United States." Def. Mot. at 4. In fact, in <u>Greco</u>, where the defendant did not even seek to bring witnesses from abroad or take testimony abroad, the Second Circuit stated:

> [T]he Sixth Amendment can give the right to compulsory process only where it is within the power of the federal government to provide it. Otherwise any defendant could forestall trial simply by specifying that a certain person living where he could not be forced to come to this country was required as a witness in his favor.

<u>Greco</u>, 298 F.2d at 251. Far from supporting the defendants' new Rule 15 argument, <u>Greco</u> recognizes the limits of the Sixth Amendment right to compulsory process, and makes clear that a defendant is not constitutionally entitled to obtain testimony from witnesses of his choosing located abroad.

Second, the defendants maintain that the Court did not provide them with the opportunity to reply to the Government's opposition, or to address the Court's concern regarding unavailability and legitimacy. <u>See</u> Def. Mot. at 3. Simply put, this argument is belied by the Court's handling of the motion. As a procedural matter, the defendants never requested the opportunity to file reply papers prior to oral argument. Moreover, the defendants did not seek permission to file reply papers during the one-month period between the oral argument and the filing of the three witness affidavits. If they were truly concerned that they had been denied the opportunity to respond to the Government's arguments, the defendants should have notified the Court at some point during the nearly six-week period during which their motion was pending.

On a substantive level, the notion that the defendants were denied the chance to address

the Court's concern regarding unavailability and legitimacy is absurd. The Court made clear at the oral argument that its primary concern with respect to all three witnesses was whether each was genuinely unavailable to testify at trial. See Tr. at 4 ("Let me start . . . with a preliminary question which I think would warrant denying the motion without prejudice if there is no good response, which is: I have not received and you have not offered any affidavit from any of these three individuals saying (a) that they would not appear and explaining why they would not appear."), 5-6, 21-22, 24. Moreover, with respect to Inspector Villarejo in particular, the Court questioned the defendants' conclusory representations about his availability, see Tr. 21-22, and advised the defendants' to include in Inspector Villarejo's affidavit, to the extent there were any, official reasons preventing him from testifying, id. at 24. One month later, after hearing the Court's views, the defendants submitted affidavits from each of the witnesses, all of which the Court ultimately deemed insufficient. The defendants therefore had ample opportunity to address the Court's concerns on the issue of unavailability and legitimacy but simply did not persuade the Court. They should not now be permitted to file a reply brief on their original motion after the Court has issued a decision under the auspices of a motion for reconsideration.

## II.    THE COURT APPLIED THE PROPER LEGAL STANDARD

In the alternative, the defendants argue that the Court applied the wrong legal standard regarding the burden on a party to prove unavailability for purposes of a Rule 15 motion. See Def. Mot. at 6-9. Specifically, according to the defendants, "[u]nder the law of the Second Circuit, once Inspector Villarejo declared his refusal to appear at trial, the Court should have found that he was unavailable for purposes of Rule 15." Id. at 7. The defendants' interpretation of the law is incorrect, and the Court applied the proper standard.

9

Citing to United States v. Varbaro, 597 F. Supp. 1173, 1181 (S.D.N.Y. 1984), the Court found that "Inspector Villarejo's vague speculation that some theoretical future work commitments might make him unavailable is entirely insufficient to support a finding of unavailability." Order at 3.  The Court's finding is entirely consistent with applicable law, see United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962) (affirming district court's rejection of "vague and indefinite" representations in Rule 15 context), and the defendants do not cite to any authority suggesting otherwise.  Instead, without citing to any legal authority, the defendants appear to argue that a witness should be deemed unavailable for Rule 15 purposes whenever the witness submits an affidavit stating that he refuses to appear at trial no matter the reason provided.  See Def. Mot. at 7.  In United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001), and United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984), the Second Circuit made clear that the genuine unavailability of a witness is one of the prerequisites for finding that "exceptional circumstances" exist to permit a Rule 15 deposition.  If a court were allowed to accept vague and speculative statements of a witness when conducting its "exceptional circumstances" inquiry, as the defense suggests this Court should do here, the unavailability requirement would be eviscerated and any potential witness abroad could trigger a Rule 15 deposition by simply submitting an affidavit stating that he was unwilling or unable to testify at trial.  Under such a scenario, Rule 15 relief would no longer be reserved for exceptional circumstances, and deposition testimony in criminal cases would become commonplace.  As a result, the defendants' emphasis on the fact that some of the cases cited by the Government involve representations of counsel, rather than statements of the witness as we have here, is of no moment because, in both instances, the Court must be satisfied that the movant has established that the witness is

10

genuinely unavailable.  See Varbaro, 597 F. Supp. at 1181 (finding that "unfounded speculation is not enough" to establish unavailability).

The defendants place particular reliance upon United States v. Sindona, 636 F.2d 792, 803 (2d Cir. 1980).  In Sindona, the Second Circuit affirmed the district court's finding that Rule 15 depositions were appropriate for four lay witnesses located in Italy after two indicated that they were unwilling to testify at trial and two indicated that they were unable to travel to the United States because they had not obtained the necessary travel documents.  Id.  Sindona is distinguishable from the instant case because, consistent with the Court's suggestion, the Government has made a formal request to Spain that Inspector Villarejo, a Spanish government employee, be permitted to travel to New York to provide testimony in this case.  Unlike Sindona where there was a substantial risk that the witnesses might not testify because they were beyond the control of the Italian government, it is quite possible that the Spanish government, through the Spanish National Police, will direct Inspector Villarejo to provide trial testimony in this case.  As the Court reasoned, "[e]ven if Inspector Villarejo were unavailable on any given date, . . . it is exceedingly unlikely, on its face, that he would be unavailable throughout the approximately three weeks estimated for this trial . . . ."  Order at 3.  Moreover, the fact that there is no guarantee that Inspector Villarejo will testify at trial does not render him unavailable fro Rule 15 purposes.  See Varbaro, 597 F. Supp. at 1181 ("There is always the possibility that a witness will not be available.  This cannot create 'exceptional circumstances.'").

The Court's finding that the two sentences provided by Inspector Villarejo in his affidavit to explain his inability to testify were insufficient to establish his unavailability was entirely proper.  In fact, the question of unavailability is not a close one as the Court concluded that the

representations of Inspector Villarejo and the other two witnesses were "so palpably flimsy so as
to call into question their good faith." Order at 4. Because the defendants do not cite to any new
case law, it cannot be disputed that the Court fully considered the applicable standard, and
applied it correctly. Accordingly, the defendants' claim should be denied.

Finally, in addition to re-arguing the issue of unavailability with respect to Inspector
Villarejo, the defendants also present additional arguments as to the materiality of his potential
testimony. In particular, the defendants claim that Inspector Villarejo's testimony "will form the
heart of the defense," and that the defense "hinges on the testimony of this single witness." Def.
Mot. at 5-9. While the Government cannot have a full understanding of the defendants'
materiality argument because the thrust of that argument is contained within their ex parte filing
with the Court, the Government is aware of the sworn testimony Villarejo provided on October 4,
2007, in connection with this case, at al Kassar's extradition hearing in Spain. While no
transcript of the testimony was prepared, two representatives from the U.S. Embassy in Spain
attended the hearing and took notes during Villarejo's testimony. Those handwritten notes, and
the typed DEA report generated from the notes, have been produced to the defendants in
discovery.

At al Kassar's extradition hearing, Villarejo testified, among other things, that (1) al
Kassar told him in early 2007 that al Kassar was involved in a lawful arms transaction; (2) when
asked by Villarejo why he became involved in the deal, al Kassar said that he expected to earn a
substantial commission; (3) al Kassar kept Villarejo informed as the weapons deal progressed,
and al Kassar said that the weapons would be transported from Romania to Nicaragua; (4) when
asked by Villarejo why he (al Kassar) was needed for a weapons deal involving two countries, al

Kassar advised that he was involved because somebody would have to be bribed to complete the deal; (5) Villarejo then told al Kassar not to pay the bribe in Spain because it would violate Spanish law; (6) a few days before al Kassar's arrest, Villarejo met with al Kassar at a mall in Marbella, Spain, where Villarejo noticed someone taking photographs of them, and concluded that al Kassar was under police surveillance; (7) on the day of al Kassar's arrest, al Kassar called Villarejo and told him that he was going to Madrid to meet the buyers of the weapons at the Nicaraguan Embassy; (8) Villarejo then learned that al Kassar has been arrested in Madrid; and (9) al Kassar never told him that the weapons deal they were discussing was in any way illegal. The defendants state that Villarejo's testimony will be necessary to rebut the allegations that they conspired with the intent to kill Americans. See Def. Mot. at 5-6. Assuming Inspector Villarejo's extradition hearing testimony is true, however, it is apparent that al Kassar misled him about the true nature of the weapons deal and did not share with him any information that would be helpful to a defense that al Kassar and his co-defendants did not have the intent to kill Americans. Accordingly, in addition to the fact that Inspector Villarejo is not genuinely unavailable, the Government believes that there is a significant question as to the materiality of his potential testimony. However, the issue of materiality need not be reached because the Court properly decided that the defendants failed to meet their burden as to unavailability.

13

## **CONCLUSION**

For the foregoing reasons, the defendants' motion for reconsideration should be denied.

Dated: New York, New York
      August 22, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By:    _____

BOYD M. JOHNSON III
BRENDAN R. MCGUIRE
Assistant United States Attorneys
(212) 637-2276/2220

14

<u>CERTIFICATE OF SERVICE</u>

BRENDAN R. MCGUIRE deposes and says that he is employed in the Office of

the United States Attorney for the Southern District of New York.

That on August 22, 2008, he served a copy of the foregoing Government's

Memorandum of Law In Opposition to Defendants' Motion For Reconsideration Of The Court's

Opinion And Order Denying Defendants' Motion For Rule 15 Depositions by ECF on:

> Ira Lee Sorkin, Esq.
> Dickstein Shapiro Morin & Oshinsky LLP
> 1177 Avenue of the Americas
> New York, NY 10036-2714
>
> Marc Agnifilo, Esq.
> Brafman & Associates, P.C.
> 767 Third Avenue
> New York, New York 10017
>
> Roger L. Stavis, Esq.
> Gallet Dreyer & Berkey, LLP
> 845 Third Avenue, 8th Floor
> New York, New York 10017

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C.

Section 1746.

BRENDAN R. MCGUIRE

Executed on: August 22, 2008
            New York, New York

15