UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA            :
                                    :
            -v-                     :      S3 07 CR 354(JSR)
                                    :
MONZER AL KASSAR,                   :      OPINION AND ORDER
TAREQ MOUSA AL GHAZI, and           :
LUIS FELIPE MORENO GODOY,           :
                                    :
            Defendants.             :
---------------------------------------- x
JED S. RAKOFF, U.S.D.J.

The Classified Information Procedures Act ("CIPA"), which "establishes procedures for handling classified information in criminal cases," United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008), requires a defendant to provide written notice of his or her intention to disclose or use classified information in pre-trial proceedings or at trial. 18 U.S.C. app. 3 § 5. Upon a defendant's written notice, the Government "may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information," id. § 6, pursuant to the standards of the Federal Rules of Evidence. See United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984).

On October 2, 2008, defendants Monzer Al Kassar, Tareq Mousa Al Ghazi, and Luis Felipe Moreno Godoy provided written notice pursuant to Section 5 of CIPA regarding their intention to introduce certain classified information at the trial in this matter. On October 14, 2008, the Government moved for an in camera hearing pursuant to Section 6 of CIPA to address the use, relevance, and admissibility of the classified information that was the subject of

defendants' Section 5 Notice, and on October 20, 2008, the Court conducted such a hearing. After hearing from counsel for both sides at the sealed hearing, the Court also permitted counsel for defendants to make a further, ex parte proffer as to the purported relevance of the classified information to their defense in this case.[1] See sealed transcript dated October 20, 2008.

The classified information proffered by defendants can be summarized in this public document as relating to past contact between the defendants and government officials that, defendants argue, make it more likely than otherwise that defendants would not have entered into the conspiratorial agreement alleged in the Indictment.[2] But the classified information itself, relating to contacts that not only occurred many years prior to the events at issue in this case but that themselves related to wholly different events, has no such probative value and is, instead, only likely to inject irrelevancy and confusion into this case if allowed in

---

[1] The defendants themselves were not present for the October 20 hearing (nor was their presence required), because the hearing related solely to the relevance and admissibility of certain classified information, and accordingly only involved questions of law. Fed. R. Crim. P. 43(b)(3); see United States v. Bin Laden, 98 Cr. 1023, 2001 U.S. Dist. LEXIS 719, at *22 (S.D.N.Y. Jan. 25, 2001) (holding that the questions resolved during a CIPA hearing are questions of law which may be resolved outside the presence of a defendant).

[2] The defense has expressly disclaimed any reliance on a public authority defense, see sealed transcript dated October 20, 2008, and the Court accordingly does not address the question of whether the classified information might be relevant to such a defense if it were proffered.

2

evidence.  See Fed. R. Evid. 401, 403.

Moreover, although couched in terms of rendering less likely than otherwise that the defendants would have entered the alleged conspiracy, the proffer suffers from many of the same infirmities noted by the Second Circuit in United States v. Giffen, 473 F.3d 30, 43 (2d Cir. 2006), where the Court of Appeals expressed "great difficulty" with a defense that would "grant any criminal carte blance to violate the law should he subjectively decide that he serves the government's interests thereby." Id. (quoting United States v. Wilson, 721 F.2d 967, 975 (4th Cir. 1983).

Stripped to its essence the proffered evidence comes down to the assertion that, because the defendant had years previously acted in a particular way in analogous circumstances, the jury should give more credit to his assertions that he did so here.  But the situations are not, on their face, analogous, and it would require a trial within a trial before the jury could determine whether there was any meaningful analogy at all.  Moreover, even if there were, the Federal Rules of Evidence do not permit proof of prior acts for this purpose.  See Fed. R. Evid. 404, 405; see also United States v. Wilson, 586 F. Supp. 1011, 1016 (S.D.N.Y. 1983) (Weinfeld, J.). Indeed, were defendants permitted to introduce the classified information in question "to disprove knowledge or intention [or here, absence of a meeting of the minds], which are elements of most crimes, the exception of Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed." United States

v. Doyle, 130 F.3d 523, (2d Cir. 1997).

Nor is the classified information admissible as evidence of defendants' habit or "course of conduct" pursuant to Fed. R. Evid. 406. Habit describes a "person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time." Fed. R. Evid. 406 advisory committee's note. "Before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 542 (S.D.N.Y. 2005) (internal quotation marks and citation omitted). Here, the classified information, which relates to sporadic, often unrelated acts taking place over the course of many years, falls far short of establishing any frequent, semi-automatic conduct in response to a particular kind of situation. See United States Football League v. National Football League, 842 F.2d 1335, 1372 (2d Cir. 1988) (holding that "testimony as to three or four episodes over a 20-year period was hardly sufficient to conclude that a pattern of behavior exists with respect to the conduct at issue") (internal quotation marks and citation omitted). The defense's argument to the contrary flies in the face of both common sense and well-established evidentiary rules of admissibility.

Accordingly, because the classified information contained in defendants' Section 5 Notice is inadmissible, defendants are precluded from offering such information at trial.

SO ORDERED.

                                     _____
                                    JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        October 24, 2008