```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,             :
                                      :
               -v-                    :     07-cr-354-01(JSR)
                                      :
MONZER AL KASSAR,                     :     MEMORANDUM ORDER
                                      :
               Defendant.             :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is defendant Monzer Al Kassar's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582. Dkt. No. 193. By way of background, defendant initially sought compassionate release on April 3, 2020. Dkt. No. 185. After full briefing and oral argument, the Court denied that motion. Dkt. No. 190. In doing so, the Court observed that there were, at the time, no reported cases of COVID-19 in USP Marion, where defendant is incarcerated, and noted that defendant could renew his application in the event of a "meaningful COVID-19 outbreak in [that] facility." See Transcript ("Tr.") 4/27/2020, Dkt. No. 191, at 3:5-6, 7:10:12.[1]

---

[1] In opposing defendant's initial motion for compassionate release, the Government argued that defendant had not properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c), and that defendant's motion was therefore not properly filed. See Letter from Government to the Court dated April 20, 2020, Dkt. No. 187, at 20-21. However, as the Court explained during oral argument over that motion, "the Court has the power to waive the exhaustion requirement with respect to COVID-19 issues." See Tr. 4/27/2020, at 20-24; see also United

Thereafter, the coronavirus found its way into USP Marion, infecting numerous inmates and staff. Accordingly, on July 19, 2020, defendant renewed his motion for compassionate release. Dkt. No. 193; Memorandum of Law in Support of Defendant's Motion for Modification of Sentence Based on Extraordinary and Compelling Reasons ("Def. Mem."), Dkt. No. 194; Letter from Defense Counsel to the Court dated August 14, 2020, Dkt. No. 198. The Government opposed. Letter from Government to the Court dated August 3, 2020 ("Gov. Mem."), Dkt. No. 195; Letter from Government to the Court dated August 14, 2020 ("Gov. Supp."), Dkt. No. 197. Although it is a closer case than previously, defendant's motion must still be denied.

What makes this a closer call is the utter failure of the Bureau of Prisons (the "BOP") to take adequate steps to prevent or at least more fully contain the spread of the virus at the Marion prison. When defendant filed his renewed motion on July 19, 2020, 14 inmates in USP Marion had tested positive for COVID-19. Def. Mem. at 2. That was bad enough, but by yesterday, August 18, 2020, 140 inmates had contracted COVID-19, accounting for more than 10 percent of the facility's total inmate

---

States v. Haney, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020). The Court therefore proceeds to the merits of defendant's renewed motion.

population.[2] While most of these inmates have recovered, four inmates remain infected and two have tragically died. The staff at USP Marion has not been spared either. Twelve staff members have tested positive for COVID-19, of whom only six have so far recovered.

Because of their intrinsic barriers to social distancing, adequate hygiene, and the like, prisons are prime candidates for the spread of coronavirus. Fortunately, the BOP has been successful in avoiding serious coronavirus outbreaks at many of its facilities. Yet, after watching several of its facilities nonetheless fall victim to serious outbreaks, the BOP continues to fail to take such obvious steps to reduce such outbreaks as testing of all the inmates and staff at a given location where coronavirus has been detected. Indeed, as the government concedes, even now the BOP is not testing all of its staff at USP Marion, see Gov. Supp. at 1, even though most of their employees reside in a part of Illinois that has itself suffered considerable coronavirus infection, see Def. Mem. 2-3.

This failure in the case of the Marion facility is plainly relevant to defendant's renewed motion, since both his age (75 years old) and, as the Government now concedes, his health

---

[2] See https://www.bop.gov/coronavirus/ (last visited August 18, 2020).

problems (notably, Type II diabetes) put him at high risk if he contracts COVID-19 and constitute the kind of "extraordinary and compelling circumstances" that could justify compassionate release if the other statutory requirements were met. See Gov. Mem. at 3.

But it is those other requirements – specifically, consideration of the factors set forth in 18 U.S.C. § 3553(a) – that still compel the denial of the renewed motion. Indeed, as the Court observed during the argument on defendant's initial motion for compassionate release, "almost all" the § 3553(a) factors counsel strongly against a sentence reduction. See Tr. 4/27/2020, at 17:3-4.

This is most obviously true with respect to the very first factor under § 3553(a), namely the "the nature and circumstances of the offense." Defendant's crimes were, by any standard, egregious. As the Court observed at his sentencing, the "totally overwhelming" evidence showed that defendant "knowingly and intentionally, and without any hesitation . . . entered into an arrangement to sell huge quantities of the most serious weapons to what [he] believed was a terrorist organization," which, as he knew, intended to "use those weapons, among other things, to kill Americans and wreak havoc." Transcript 2/24/09, Dkt. No. 195-2, at 52:13-15, 53:6-12. Considering the monstrous nature of

defendant's crimes, the Court's 30-year sentence was, if anything, on the lenient side. Yet defendant has not even served half that sentence. How could it be "just punishment," 18 U.S.C. § 3553(a)(2)(A), to set him free?

And while the Court continues to be concerned about defendant's health, relevant to the Court's analysis is the fact that, despite the severe coronavirus outbreak at USP Marion, defendant is housed in the Communications Management Unit (the "CMU"), where inmates remain in single-occupancy cells, do not share their living space with other inmates, and do not interact with inmates in other housing units. Gov. Mem. at 4. As of August 14, 2020, the Government has confirmed, no inmates within the CMU have tested positive for COVID-19. Gov. Supp. at 1.

The Court has considered all of defendant's other arguments and finds them without merit. In particular, while the Court is cognizant of the burden imposed by defendant's inability to see his loving family, anyone who commits as serious a crime as this defendant must know in his heart that if he is caught and imprisoned, it is his own family who may suffer the worst.

For all the foregoing reasons, the renewed motion of defendant for compassionate release is denied. The Clerk is directed to close the entry bearing docket number 193.

SO ORDERED.

Dated:   New York, NY  
        August 19, 2020

_____  
JED S. RAKOFF, U.S.D.J.